```
 1  Edwin F. McPherson--State Bar No. 106084
       emcpherson@m-klaw.com
 2  Tracy B. Rane -- State Bar No. 192959
       trane@m-klaw.com
 3  Pierre B. Pine -- State Bar No. 211299
       ppine@m-klaw.com
 4  McPHERSON & ASSOCIATES
    1801 Century Park East
 5  24th Floor
    Los Angeles, CA 90067
 6  Tel:(310)553-8833
    Fax:(310)553-9233
 7
    Tom J. Ferber
 8     tferber@pryorcashman.com
    Mario Choi
 9     mmchoi@pryorcashman.com
    PRYOR CASHMAN LLP
10  410 Park Avenue
    10th Floor
11  New York, NY 10022
    Tel: (212)421-4100
12  Fax:(212)326-0806
```

FILED
CLERK, U.S DISTRICT COURT
JUL 14 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**NOTE CHANGES MADE BY THE COURT.**

13  Attorneys for Defendants NEW LINE CINEMA CORPORATION, NEW LINE
    CINEMA PICTUREHOUSE HOLDINGS, INC., MATERIAL ENTERTAINMENT, and
14  ENTERTAINMENT FILM DISTRIBUTORS, LTD.

15             **UNITED STATES DISTRICT COURT**

16          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18  JONATHAN ZATLAND, an individual, | CASE NO. CV 07-5335 GW (RCx) |
| 19         Plaintiff, | [~~PROPOSED~~] PROTECTIVE ORDER |
| 20         v. | |
| 21  NEW LINE CINEMA CORPORATION, a Delaware corporation; NEW LINE | |
| 22  CINEMA PICTUREHOUSE HOLDINGS, INC., a Delaware | |
| 23  corporation; MATERIAL ENTERTAINMENT, an unknown entity; | |
| 24  GOLD CIRCLE FILMS LLC, a California limited liability company; | |
| 25  ENTERTAINMENT FILM DISTRIBUTORS, LTD., a United | |
| 26  Kingdom limited company; and DOES 1 through 10, inclusive, | |
| 27         Defendants. | |
| 28 | |

- 1 -

1  Upon consideration of the Stipulation made pursuant to Federal Rules of Civil
2  Procedure ("Fed. R. Civ. P.") Rule 26(c) by and between Plaintiff Jonathan Zatland, on
3  the one hand, and Defendants New Line Cinema Corporation, New Line Cinema
4  Picturehouse Holdings, Inc., Material Entertainment, Gold Circle Films LLC, and
5  Entertainment Film Distributors, Ltd., on the other hand, in the interests of protecting
6  confidential proprietary and financial information, as well as the identities of non-parties,
7  from improper disclosure, and upon good cause showing, the Court hereby orders that
8  the Stipulated Protective Order shall be entered in this matter as follows:
9      1.    Disclosure and discovery activity in this action is likely to involve
10 production of confidential, proprietary and/or private information for which special
11 protection from public disclosure and from use for any purpose other than prosecuting
12 this litigation is warranted. Such documents may include, but are not limited to,
13 confidential financial data and private work product of the parties in relation to the
14 creation of their books, films, and other media for public consumption.
15     2.    For the purposes of this Order, the words "document" and "documents" are
16 used in the broadest possible sense and refer, without limitation, to all written, printed,
17 typed, photostatic, photographed, recorded, or otherwise reproduced communications or
18 representation of every kind and description, whether comprised of letters, words,
19 numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by
20 hand or by mechanical, electronic, magnetic, photographic, or other means, as well as
21 audio or video recordings of communications, oral statements, conversations, or events.
22 This definition includes, but is not limited to, any and all of the following: day-timers,
23 journals, logs, calendars, handwritten notes, correspondence, notes, minutes, records,
24 messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices,
25 orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts,
26 compilations, schedules, studies, summaries, analyses, pamphlets, brochures,
27 advertisements, newspaper clippings, tables, tabulations, financial statements, working
28 papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging,

plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimilies, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another documents, is to be considered a separate document.

3. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the proprietary and financial information of the parties.

4. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

5. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

6. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. In addition, the parties may designate testimony from a deposition as confidential subsequent to the deposition, by making such designation

- 3 -
[Proposed] Protective Order

within 14 days from the receipt of the transcript.

7. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

8. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

9. Only qualified persons who have executed the non-disclosure agreement may attend depositions at which Confidential Material is used or discussed.

10. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as described specifically below as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 3, 4 and 5 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the

Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 8(b) and 8(c) above, but shall not be disclosed to a party, a witness, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply. Attorney's Eyes Only is information which has not been made public and consists of:

(a) any contracts that are identified or considered to be "Non-Precedential" or "Non-Citable."

(b) any agreements to distribute the film entitled "Run Fat Boy Run;" or

(c) any other category of material or information hereinafter given "CONFIDENTIAL – ATTORNEY'S EYES ONLY" status by the Court, whether on the Court's own motion or by motion of a producing party as set forth in paragraph 16 below.

11. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

12. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

13. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be presented in compliance with Local Rule 79-5. ~~accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The application shall be directed to the judge to whom the papers are directed.~~ Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

-5-

14. The inadvertent or unintentional disclosure of any Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order. Any such documents or information inadvertently produced without designation, and all copies and records thereof, shall be immediately returned to the producing party upon written notice from the producing party.

15. If any Confidential Material obtained, or any material derived or generated therefrom, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees to immediately notify the designating party in writing so as to permit the designating party to seek a protective order from the appropriate court.

16. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, (ii) to seek and obtain, upon an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Confidential Material, or (iii) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the redesignation or production as to any particular document or information should any party object to any designation of confidentiality, *provided the parties comply with Local Rule 37. en* This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information

1  or altering any existing obligation of any party or the absence thereof.

2  18. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction *for 30 days after dismissal or entry of judgment* to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, and upon 60-days written request by counsel for the providing party, the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED, *as amended at paragraphs 13, 16 + 18.*

Dated: *July 14, 2008*                              _____
                                                   HON. ROSALYN M. CHAPMAN